## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: Vito D. Spillone Jr.

|  |  |  |
|---|---|---|
|  | ) | 13 B 47032 |
|  | ) |  |
| Debtor(s) | ) | Judge Manuel Barbosa |

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

Vito D. Spillone Jr.
Pro Se Debtor
PO Box 406
Geneva, IL  60134


    Please take notice that on January 9, 2014 at 9:30 a.m. a representative of this office shall appear before the Honorable Judge Carol A. Doyle or any other Bankruptcy Judge who may preside in her place and stead, at Kane County Courthouse, 100 S 3rd Street, Courtroom 240, Geneva, Illinois 60134 and present this motion.

    I certify that this office caused a copy of this notice to be delivered to the above listed debtor by depositing it in the U.S. Mail at 801 Warrenville Road, Lisle, Illinois 60532 and to all other listed parties electronically via the Court's CM/ECF system on December 27, 2013.

                                              /s/ Glenn Stearns

                                            For Glenn Stearns, Trustee

---

### MOTION TO DISMISS AND REQUEST FOR A 180 DAY BAR TO REFILING

    Now Comes Glenn Stearns, Chapter 13 Trustee, requesting dismissal of the above case with a 180 Day bar to Refiling pursuant to 11 U.S.C. Sections 109 (h), 1307(c) and 349(a) and in support thereof, states the following:

1. On December 9, 2013 the debtor filed a petition under Chapter 13.

2. This is the debtor's second Chapter 13 filing in fourteen months in which he was not eligible to be a debtor and failed to file a plan and schedules.

3. Debtor filed case number 12 B 39671 on October 5, 2012.  This case was dismissed on November 1, 2012 without confirmation.  Debtor failed to file a credit counseling certificate.  Debtor failed to file a plan or schedules or Form B22C.  Debtor did not appear at his §341 meeting and made no plan payments.

4. Pursuant to §109(h), a debtor is not eligible to be a debtor unless he first completed a credit counseling course within 180 days before filing the petition or the debtor timely requests a waiver describing what exigent circumstances prevented his from obtaining such counseling within the required time period.

5. Debtor's Exhibit D stated that he had received a briefing from a credit counseling agency within the 180 days before filing the case but did not have a certificate.

6. More than fourteen days have passed and the debtor has not filed a certificate or sought a waiver from this court.

7. In addition, the debtor has not filed a plan, schedules, statement of financial affairs or Form B22C.

8. The debtor's failure to properly prosecute this case is an unreasonable delay that is prejudicial to creditors.

9. The debtor's failure to comply with the Bankruptcy Code and properly prosecute this case in his second filing in fourteen months demonstrates that the debtor has filed this case in bad faith and has no ability or intention to complete a Chapter 13 plan.

10. Section 349(a) allows a bankruptcy court to bar future filings if cause exists to do so.

11. Dismissal is the appropriate remedy when a debtor is ineligible under §109(h). In re Gossett, 369 B.R. 361 (Bankr. N.D. Ill. 2007).

12. Dismissal with prejudice is proper for bad faith, serial filing cases. In re Standfield, 152 B. R. 528 (Bankr. N.D. Ill 1993). In re Herrera, 194 B.R. 178 (Bankr. N.D. Ill 1996).

WHEREFORE, the Trustee prays that this case be dismissed for cause pursuant to §§ 109(h) and 1307 (c) and the debtor be barred from filing any other bankruptcy case for 180 days pursuant to Sections 109 (g) and 349(a), and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

/S/  Glenn Stearns
By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL  60532-4350
630-981-3888